# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR NO. 11-00506LEK |
| CASE NAME: | USA vs. (01) Fouina C. Toilolo, aka Flex |
| | USA vs. (02) Aloalii Tootoo, aka Al, aka Tow truck |
| | USA vs. (03) Kaisa Tai |
| | USA vs. (07) Harry Akana |
| | USA vs. (08) Daniel Fola |
| | USA vs. (10) Walter Dominguez, aka W, aka Paisa, aka LUK 135 |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 2/13/2014 | TIME: | |

COURT ACTION: EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS FOUINA C. TOILOLO, ALOALII TOOTOO, KAISA TAI AND WALTER DOMINGUEZ'S MOTIONS PURSUANT TO RULE 29, FED. R. CRIM. P., AND GRANTING DEFENDANT HARRY AKANA'S AND DEFENDANT DANIEL FOLA'S MOTION PURSUANT TO RULE 29, FED. R. CRIM. P.

On February 12, 2014, Defendants Fouina C. Toilolo ("Toilolo"), Aloalii Tootoo ("Tootoo"), Kaisa Tai, Harry Akana ("Akana"), Daniel Fola ("Fola"), and Walter Dominguez ("Dominguez") (collectively "Defendants") orally submitted their Motions Pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29 Motion"), and asked this Court for judgments of acquittal. Plaintiff the United States of America ("the Government") opposes the Rule 29 Motion as to Toilolo, Tootoo, Kaisa Tai, and Dominguez, and as to Counts 1, 6, 11 through 18 of the Third Superseding Indictment filed on August 22, 2013 ("Third Superseding Indictment"). The Government concedes as to Akana and Fola's Rule 29 Motion, and as to Counts 2 through 5, and 7 through 10 of the Third Superseding Indictment.

Rule 29(a) provides, in pertinent part, that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

Defendants maintain that the evidence adduced in the Government's case fails to demonstrate that Defendants possessed the type of illegal drug in the amount and on the dates alleged in the Third Superseding Indictment. The Government, on the other hand, submits that the evidence is sufficient for the jury to believe: that Dominguez supplied quantities of methamphetamine and cocaine from California to John Tai and Larry Chung for distribution in the State of Hawai`i; that Toilolo, Tootoo, Kaisa Tai, Jordan Fonoti, and Pulaa Gatoloai were involved in possessing and/or distributing quantities of methamphetamine and cocaine; and that Anthony Leon and Falefia Fuamatu were involved in tasks which supported the distribution of methamphetamine.

In determining whether or not the evidence is sufficient to defeat the Rule 29 Motion, this Court must "construe the evidence 'in the light most favorable to the prosecution . . . then determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Ramos-Atondo, 732 F.3d 1113, 1121 (9th Cir. 2013) (alteration and emphasis in Ramos-Atondo) (some citations omitted) (quoting United States v. Nevils, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc)).

The evidence produced at trial, when viewed through in the light more favorable to the prosecution, is sufficient to deny the Rule 29 Motion as to Toilolo, Tootoo, Kaisa Tai, and Dominguez, and as to Counts 1, 6, 11 through 18. The testimonies of witnesses such as Larry Chung, Jordan Fonoti, Pulaa Gatoloai, Falefia Fuamatu, Sifatutupu Fuamatu, and Anthony Leon, as well as the recorded conversations of Dominguez, Tai, Toilolo, and Tootoo, support this denial.

Akana and Fola, however, are different. No witness has testified about their alleged connection to the conspiracy. "[M]ere presence 'at the location of a conspiracy's activities, while the activities are taking place, knowing that they are taking place, without proof of intentional participation in the conspiracy, cannot support a conspiracy conviction.'" United States v. Corona-Verbera, 509 F.3d 1105, 1117 (9th Cir. 2007) (quoting United States v. Herrera–Gonzalez, 263 F.3d 1092, 1097 (9th Cir. 2001)). "'Once the existence of a conspiracy is established, evidence which establishes beyond a reasonable doubt that a defendant is even slightly connected with the conspiracy is sufficient to convict . . . .'" Id. (alteration in Corona-Verbera) (quoting United States v. Boone, 951 F.2d 1526, 1543 (9th Cir. 1991)). The Government has failed to present any admissible evidence that Akana and Fola were even "slightly connected" with the conspiracy. Akana's and Fola's Rule 29 Motions must, therefore, be granted.

For the foregoing reasons, the Court HEREBY DENIES Defendants Fouina C. Toilolo, Aloalii Tootoo, Kaisa Tai, and Walter Dominguez's Motions Pursuant to Rule 29, Fed. R. Crim. P. as to Counts 1, 6, 11 through 18 of the Third Superseding Indictment, and HEREBY GRANTS Defendant Harry Akana's and Defendant Daniel Fola's Motions Pursuant to Rule 29, Fed. R. Crim. P., and HEREBY GRANTS the Rule 29 Motion as to Counts 2 through 5, and 7 through 10 of the Third Superseding Indictment.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager